' The opinion of the Court was delivered b3r
Poché, J.
This is an action to judicially ascertain and determine the boundary lines between the Parishes of Lafourche and Terrebonne, and this appeal is taken by the Parish of Lafourche, from a judgment *1231 of tlie District Court allowing the doubtful or. disputed territory to the. Parish of Terrebonne.
A reference to the Act of the Legislature creating the Parish of Terrebonne and 'defining its limits, is necessary to an understanding-of the issue involved in this controversy, which hinges exclusively on. a proper interpretation of the Act,-which was approved on the 22d of March, 1822, and from which we quote the following Section which is, the. source of the contention :
“ That all that tract of land lying to the westward of Bayou Lafourche, bonnded as follows: to the east, from the middle of the line-drawn from the lower boundary of Charles Ballot’s plantation, t.o the lower side of Laeoupe of Bayou Boeuf, thence following a line parallel with the Bayou Lafourche to within eighty arpents of Bayou Terrebonne, from thence winding round the settlement of said Bayou Terrebonne to the distance of forty arpents from Bayou Lafourche, to be-continued until a distance of eighty arpents from the latter Bayou canbo effected without encountering the limits of the lands on Bayou Terrebonne, from thence, still at a distance of eighty arpents from, Bayou Lafourche, a line parallel with said Bayou to the Bayou Blue Water, following whose right bank to the sea shall terminate its eastern boundary ; to the west, starting from the lower side of Laeoupe. of Bayou Bceuf to the settlement on the Atchafalaya, and following; the eastern shore of Atchafalaya Bay to the sea, including Marsh; Island, shall form a separate parish, to be called the Parish of, Terrebonne.” r
. By Act No. 97 of 1850, the western boundary was altered so as to. run as follows:
; “Beginning at the point where the-lino between the Parishes of Lafourche Interior and Assumption intersects the north boundary of. township No. 16, range No. 14 east, thence along said north boundary, to the northeast corner of said township, thence east along the north boundary of township No. 16, range No. 15, six miles to the northeast corner of said township, thence north along the east boundary of township No. 15, range No. 15 east, two miles, thence east according to the section lines of the public surveys, three miles to back line of¡ the lands of Mrs. Lemuel Tanner, at a distance of eighty arpents from, the Bayou Terrebonne,” and thence according to the lines described in the Act of 1822.
. There is no contest about any lines on the west of Bayou Terrebonne, nor about the line running east from a point forty arpents from BayouLafourche, crossing Bayou Terrebonne, in the rear of the town of Thibodaux, and extending east tt> the end.of the last property or settlement on Bayou Terrebonne at the line of Lafourche ; but the con *1232 teution begins at that point, which we shall for convenience designate as point P.
Plaintiff contends that from said point the line should run due south, and continue to wind round the settlements on Bayou Terrebonne, on the east, as it does on the west side, until a point at eighty arpents from Bayou Lafourche can be reached, without encountering the limits of the lands on Bayou Terrebonne, etc.
Defendant, on the other hand, maintains that from the said point F, the line should continue to run east by south parallel with Bayou Lafourche, and forty arpents from said Bayou, until a distance can be reached eighty arpents from said Bayou, without encountering the-limits of the lands on Bayou Terrebonne, etc.
In other words, plaintiff urges that the “ winding round ” the settlement of the east, of Bayou Terrebonne is the subject of the verb to “ be continued,” and that said “ winding round ” the settlement of Bayou Terrebonne on' the west should be the boundary line; and defendant insists that the distance of forty arpents from Bayou Lafourche being the subject of the verb “ to be continued,” this line, distant forty arpents from Bayou Lafourche, should be the boundary on the west of Bayou Terrebone, until it strikes Bayou Blue Water. As the language is somewhat ambiguous, the real intention of the legislator must be sought by considering the object proposed in the establishment of this portion of the boundary lines between the two Parishes. As the lines of the settlement on Bayou Terrebonne ran at right angles with the lines of the estates situated on Bayou Lafourche, the main and the evident object of the legislator, in running the lines of the new parish so near the Bayou Lafourche, and in enacting that the line from a point eighty arpents from Bayou Terrebonne and running north to a point forty arpents from the Lafourche, should “wind round” the settlement, or land lines on Bayou Terrebonne, was to avoid any change in the lines of the owners of property of that settlement, or to avoid placing portions of their property in one parish and portions in another. And the same care was taken not to break up the lines of the Lafourche lands. In our opinion, the same object prevailed in the legislator’s mind in establishing the lines west of Bayou Terrebonne so as not to cut up the lines of land owners in either parish and t<> have entire estates exclusively in one or the other of the two parishes. Hence, we conclude that what was to be continued after point F, or the intersection of the rear boundary west of the last tract on.Bayou Terrebonne and the rear line of forty arpents froin Bayou Lafourche, was the “winding round” the settlement of Bayou Terrebonne, until 9, distance of eighty arpents from Bayou Lafourche can be effected, *1233 etc. Such line does not'encounter the limits of the lands on Bayou Terrebonne, it merely follows along or “ winds round ” such limits.
No reasons are advanced by defendant, and none are apparent from the equities of the case, why the boundary line on the east of Bayou Terrebonne should be at a greater distance from the lines of the settlement on said Bayou, than on the west of the Bayou, where the line winds around ” the Terrebonne lands.
This construction of the doubtful words of the Act leaves entirely in Terrebonne Parish the estates situated on Bayou Terrebonne, and leaves entirely in the Parish of Lafourche the lands fronting on Bayou Lafourche, and it avoids the very difficulty of two parishes claiming taxes from the same owner for the same lands, which has given rise to this complicated litigation.
This conclusion is fortified, and in our minds absolutely justified, by the French text of the Statute, which is free of the ambiguity which characterizes the English text.
In calling to our aid the French text, we do not lose sight of the rule of our jurisprudence, which requires that when the two texts differ the English text must prevail.
But we are supported by very respectable authority in holding that “ when a law, written in the language of the Constitution is doubtful, the sense in which the members of our Legislature, who at that time spoke French, understood it, may be safely called to our assistance to explain what is uncertain.” 9 M. 364, Breedlove vs. Turner.
The sense which they gave to a Statute affords the highest order of contemporaneous interpretation which the case affords. The doubtful portion of the Statute in the English reads as follows in the French text: “ déla en contournani les établissements du dit bayou Terrebonne, a qua ran te arpens du bayou Lafourche, jusqu'a ce qu’il soit possible de s’éloigner de quatre-vingts arpens de ce dernier bayou, sans toucher aux limites des terres du bayou Terrebonne.”
This language clearly conveys the idea that the boundary lines should “ wind round ” three sides of the settlement on Bayou Terrebonne; first at the western end, secondly' on the lateral line, intersecting tlie forty arpent line from Bayou Lafourche, and thirdly on the eastern end.
The next difficulty suggested for solution is the proper location of the Bayou Blue Water, mentioned in the Act of 1822.
Plaintiff contends that itis the first stream eastof Bayou Terrebonne, taking its rise near the Lafourche at a short distance from Thibodauxville, running to the sea, nearly parallel to Bayou Terrebonne, and sometimes known as Bayou du Chéne.
*1234 Defendant-on the other hand locates Bayou Blue Water east of the latter stream, running northeast near Lake Long, until it intersects and forms one stream with another bayou .of the same name, flowing out of Lake Fields, and thence running to the sea parallel with Bayou Lafourche.
From extracts of the American State papers, containing confirmations by sections and townships by the general government, of lands situated on Bayou Blue Wat»1'» we are satisfied that the stream referred to in the Act of 1822 is correctly located by-plaintiff. Hence, we conclude that the. judgment of the lower court, which sustains the construction of defendant on the two points in controversy does not give a correct interpretation of the Act creating the Parish of Terrebonne.
It is, therefore, ordered that the judgment appealed from be annulled, avoided and reversed ; and it is now ordered, adjudged and decreed that the following are the lines fixed by law as the boundary lines between the Parishes of Lafourche and Terrebonne : u Beginning at the point where the line between the Parishes of Lafourche Interior and Assumption intesects the north boundary of township No. sixteen,, range No. fourteen east, thence along said north boundary to the northeast corner of said township, thence east along the north boundary of township number sixteen, range number fifteen, six miles to the northeast corner of said township, thence north along the east boundary of township number fifteen, range number fifteen east, two miles, thence east according to the section lines of the public surveys, three miles to the back lines of the lands of Mrs. Lemuel Tanner, at a distance of eighty arpents from the Bayou Terrebonne; from thence, winding round the settlement of the said Bayou Terrebonne to the distance of forty arpents from the Bayou Lafourche, said winding round said settlement to be continued east to the rear west line of said settlement, thence south, still winding round the settlement of Bayou Terrebonne, on the east of said Bayou, until a distance of eighty arpents from Bayou Lafourche can be effected without encountering the limits of the lands on Bayou Terrebonne; from thence, still at a distance of eighty arpents from Bayou Lafourche, a line parallel with said Bayou to the Bayou Blue Water, otherwise known as Bayo.u du Chéne, following its right bank to the sea.” Costs of this appeal to be paid by defendant.
Rehearing refused.